# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-0128-WS |
| | ) |
| ALEXANDER BOHANNON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The defendant has filed a motion for appointment of counsel. (Doc. 206). The defendant seeks counsel to help him pursue relief under *United States v. Davis*, 139 S. Ct. 2319 (2019).

Section 924(c)(1)(A)(iii) requires an additional ten-year sentence for defendants found guilty of discharging a firearm during and in relation to a crime of violence. Section 924(c)(3)(B) defines a "crime of violence" as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." On June 24, 2019, the *Davis* Court held that "§ 924(c)(3)(B) is unconstitutionally vague." 139 S. Ct. at 2336. On July 23, 2019, the Eleventh Circuit held that *Davis* applies retroactively to defendants, like this one, whose convictions and sentences became final before *Davis* was handed down. *In re: Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019).

Relief under *Davis* must be sought by motion to vacate. *Hammoud*, 931 F.3d at 1035. The defendant's threshold problem is that he has previously pursued a Section 2255 motion to vacate, which motion was denied in 2010. (Docs. 191, 197-98). Before he can pursue a second such motion, the defendant must first seek and obtain certification from the Eleventh Circuit authorizing him to proceed. 28 U.S.C. §§ 2244(b)(3), 2255(h); *Hammoud*, 931 F.3d at 1035. He has not done so. His motion for appointment of counsel, to pursue a motion to vacate he is as yet unauthorized to pursue, is thus premature.

Assuming without deciding that the Court has power to decide the defendant's motion despite its prematurity, he cannot prevail. *Davis* applies only to sentences based on Section 924(c)(3)(B), the "residual clause" of the definition of "crime of violence." A felony is also a crime of violence for purposes of Section 924(c)(1)(A) if it "has as an element the use, attempted

use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). If the defendant's sentence was based on this "force clause" rather than the residual clause, *Davis* is irrelevant and his sentence must stand.

The defendant was convicted of carjacking, in violation of 18 U.S.C. § 2119. (Doc. 13 at 1; Doc. 123-1). Under this statute, "[w]hoever, with the intent to cause death or serious bodily harm, takes a motor vehicle … from the person or presence of another by force and violence or by intimidation, or attempts to do so," is guilty of the offense. By its terms, conviction under this statute requires as an element that the defendant use force ("by force and violence") or threaten to use force ("intimidation"). The Eleventh Circuit has so held: "[O]ur precedent holds that carjacking in violation of § 2119 satisfies § 924(c)'s force clause …." *In re: Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016); *accord In re: Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019). Other appellate courts have held similarly. *See id*. at 1242 n.6 (identifying the First, Fourth, Fifth, Sixth and Ninth Circuits as subscribing to this rule).

It is plain under these precedents that the defendant was sentenced under the force clause and not the residual clause. He therefore has no potentially valid *Davis* claim to pursue.

For the reasons set forth above, the defendant's motion for appointment of counsel is **denied**.

DONE and ORDERED this 13th day of September, 2019.

s/WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE